```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**OLIVER M. BOLING,**

                **Petitioner,**

       **v.**                                   **CASE NO. 04-3078-RDR**

**R. MUNDT, et al.,**

                **Respondents.**

### O R D E R

Petitioner proceeds pro se and in forma pauperis on a petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner is serving a sentence resulting from his convictions in 1976 and 1983 in the District of Columbia.  The D.C. Board of Parole released petitioner on parole in February 1999,[1] and then revoked petitioner's parole on July 17, 2000, setting petitioner's parole rehearing date in three years.  Petitioner was transferred to the custody of the Bureau of Prisons in July 2001.  He filed this action while incarcerated in the United States Penitentiary in Leavenworth, Kansas (USPLVN).

Petitioner is currently incarcerated in a federal facility in Lewisburg, Pennsylvania.  Following his transfer from USPLVN to the Pennsylvania facility, petitioner filed a § 2241 petition in the

---

      [1]Petitioner cites a parole date of November 24, 1998.  *See* Petition, pg. 3 (Doc. 1, p. 10); Traverse (Doc. 14, p. 2).  However, the record documents that petitioner's parole release date was February 16, 1999.  *See* Certificate of Parole (Exh. 1-B) in Answer and Return (Doc. 10).

United States District Court for the Middle District of Pennsylvania, alleging error in the revocation of his parole by the D.C. Board in 2000. That court denied the petition on the merits, and petitioner's appeal is currently pending before the Third Circuit Court of Appeals. *See* <u>Boling v. Smith</u>, Case No. 05-0918-EMK-LQ (M.D.Pa. October 13, 2005), *appeal pending*.

In the present action, petitioner seeks a writ of habeas corpus based on alleged error by the United States Parole Commission ("Commission") in their Notice of Action dated December 19, 2003. In that decision the Commission departed from the guideline range of 48 to 60 months and continued petitioner's confinement for service of 60-72 months, for a presumptive re-parole date of April 9, 2005.

Petitioner now challenges that 2003 Notice of Action, claiming: (1) the Commission's failure to apply D.C. parole guidelines in effect when he committed his crimes violated the ex post facto clause, (2) the Commission abused its discretion and denied him due process by departing from its guidelines without good cause or a rational basis for the departure, and (3) the Commission unlawfully relied on the same factors to establish petitioner's range under the guidelines, and then to depart from the guidelines. He seeks an order to vacate the Commission's presumptive parole date of April 9, 2005, and a new hearing.[2]

The record documents that three months after petitioner filed the instant action, the Commission notified petitioner that it was

---

[2]Petitioner consistently refers to the Commission's re-parole hearing as a revocation hearing.

reopening petitioner's case pursuant to 28 C.F.R. § 2.28(f) to consider "significant adverse information in new adverse information in [petitioner's] file that was not considered in making [their 2003] decision" to re-parole petitioner after 72 months.  *See* Answer and Return, Notice of Action dated June 5, 2004 (Doc. 10, Ex. N).  The record before this court does not disclose the outcome of this rehearing, which may have rendered moot any or all of petitioner's claims regarding the December 2003 proceeding.  The court thus directs respondents to supplement the record to document the outcome of petitioner's reconsideration hearing.

IT IS THEREFORE ORDERED that respondents are granted thirty (30) days to supplement the record as directed by the court.

DATED:  This 22nd day of March 2006, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge