IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Oliver M. Boling,**

      **Petitioner,**

v.                                   Case No. 04-3078-JWL

**Claude Maye, Warden, USP-Leavenworth; United States Parole Commission,**

      **Respondents.[1]**

**MEMORANDUM & ORDER**

Previously, Oliver M. Boling, a federal prisoner appearing pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the decision of the United States Parole Commission to revoke his parole and defer reconsideration of parole beyond the length of time recommended under the Commission's guidelines. *See Boling v. Mundt*, 261 Fed. Appx. 133, 135 (10th Cir. Jan. 24, 2008). In pertinent part, Mr. Boling argued that the Commission violated the Ex Post Facto Clause of the United States Constitution by applying parole regulations in effect at the time his parole was revoked and not those in effect when he committed his first offense. *See id*. Another judge in this District denied the petition with respect to the Ex Post Facto Clause argument on the grounds that Mr. Boling failed to demonstrate that the Commission's application of the guidelines subjected him to any significant risk of prolonging

---

[1] The proper respondent to a petition for writ of habeas corpus is the petitioner's custodian. *See Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). At the time Mr. Boling filed his petition, Mr. Boling properly identified R. Mundt (the Warden at USP-Leavenworth) as the respondent. Because Claude Maye is the current Warden for USP-Leavenworth, the court substitutes Mr. Maye for Mr. Mundt as the proper respondent.

his incarceration. *See id.* at 137. The Tenth Circuit affirmed this decision, finding no merit in Mr. Boling's argument. *Id.*

This matter is now before the court on Mr. Boling's motion to set aside the court's judgment as "void" under Federal Rule of Civil Procedure 60(b)(4).[2] According to Mr. Boling, the district court's decision is inconsistent with a subsequent change in case law—namely, the Supreme Court's decision in *Peugh v. United States*, 133 S. Ct. 2072 (2013). In *Peugh*, the Supreme Court held that there is an ex post facto violation when a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense. Mr. Boling does not explain how *Peugh* sheds new light on his own case or how the judgment in this case runs afoul of *Peugh*. In *Peugh*, the retroactive application of the sentencing guidelines did, in fact, subject the criminal defendant to a longer period of incarceration. *See id.* at 2084-85. As the Tenth Circuit has already held, Mr. Boling has not shown that the Commission's application of the parole regulations in effect at the time of the revocation created a significant risk of a longer period of incarceration than under the laws in place at the time he committed his first offense. Nothing in *Peugh* changes that analysis and, in fact, the Court in *Peugh* confirmed that "mere speculation or conjecture that a change in law will

---

[2] While Mr. Boling's motion refers to a "judgment" entered on January 24, 2008, no judgment was entered on that date. Rather, the Circuit's opinion affirming the district court's judgment was entered on that date. The district court's judgment was entered on March 26, 2007 and it is that judgment that Mr. Boling seeks to vacate as void. *See Standard Oil Co. v. United States*, 429 U.S. 17 (1976) (district court may entertain a Rule 60(b) motion after the case has been reviewed on appeal without leave from the Court of Appeals).

retrospectively increase the punishment for a crime will not suffice to establish a violation of the Ex Post Facto Clause." *See id*. at 2082.

Aside from his reliance on *Peugh*, Mr. Boling asks this court to revisit issues already resolved by the Circuit in Mr. Boling's appeal. These arguments, then, necessarily fail. *See United States v. Rodriguez*, 768 F.3d 1270, 1272 (10th Cir. 2014) (law of the case doctrine precludes relitigating issues already decided on appeal). For the foregoing reasons, Mr. Boling has not shown that relief under Rule 60(b)(4) is warranted. *See Robertson v. Kansas*, 624 Fed. Appx. 969, 971 (10th Cir. 2015) ("A judgment is void only if the court that rendered it lacked jurisdiction over the parties or subject matter, or acted in a manner inconsistent with due process."). The motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Boling's motion to set aside the court's judgment under Rule 60(b)(4) (doc. 45) is denied.

**IT IS SO ORDERED.**

Dated this 13th day of June, 2016, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge
